IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION

| | |
|---|---|
| MICHAEL EASTON, on behalf of himself and all others similarly situated, ) ) ) | |
| Plaintiff, ) ) ) | Case No. 3:17-cv-674 |
| v. ) ) ) | **COLLECTIVE ACTION COMPLAINT** |
| BAKU, LLC and BIRDIE YANG, ) ) ) | |
| Defendants. ) ) ) ) | **JURY TRIAL DEMANDED** |

Plaintiff Michael Easton ("Easton" or "Plaintiff"), individually and on behalf of those similarly situated, brings this action against Baku, LLC ("Baku") and Birdie Yang ("Yang") (together "Defendants"), and shows as follows:

## OVERVIEW

1. This lawsuit arises under the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201 et. seq. for Defendants' failure to pay Plaintiff and other similarly situated employees earned minimum wages. Defendants operate a restaurant in Charlotte, North Carolina under the name "Baku." Plaintiff and other similarly situated employees are current and former tipped employees of Defendants, working as servers. Defendants paid their tipped employees sub-minimum wages under the tip-credit provisions of the FLSA. Those provisions permit employers of tipped employees to pay wages less than minimum wage, so long as employers comply with other requirements of the tip-credit provisions. Defendants disregarded those requirements and thus violated the federal minimum wage laws by: (a) failing to inform tipped employees of the provisions of the tip-credit subsection of the FLSA; (b) requiring servers to

participate in unlawful tip pooling whereby the tipped employees had to share their tips with employees who do not customarily and regularly receive tips; and (c) requiring servers to pay for missing inventory, breakage, and the lost sales of food that resulted from server error and customer walkouts.

**PARTIES**

2. Plaintiff is an individual who resides in Fort Mill, South Carolina. He was employed by Defendants within the meaning of the FLSA during the three year period prior to the filing of this Complaint. At all times hereinafter mentioned, Plaintiff was an individual employee who was engaged in commerce or in the production of goods for commerce as required by 29 U.S.C. § 206. Plaintiff's written consent is attached as Exhibit 1.

3. Yang is an owner, member and/or officer of Baku. In this capacity, Yang is involved in the day-to-day business operations of Baku. Yang has the authority to sign on corporate checking accounts, including payroll accounts, and the authority to make decisions regarding wage and hour issues, including the decision to require servers and other tipped employees to share tips with employees who do not customarily and regularly receive tips. At all relevant times, Yang acted and had responsibility to act on behalf of, and in the interests of Baku in devising, directing, implementing and supervising the wage and hour practices and policies relating to employees, including the tip-credit issues raised in this lawsuit. At all relevant times, Yang was an "employer" within the meaning of the FLSA, 29 U.S.C. § 203(d).

4. Baku is a North Carolina limited liability company located in Charlotte, North Carolina. Baku acted, directly or indirectly, in the interest of an employer with respect to Plaintiff and other similarly situated employees. Baku is an "employer" within the meaning of the FLSA, 29 U.S.C. § 203(d).

## JURISDICTION

5. This Court has jurisdiction over Defendants because Plaintiff brings a claim arising under federal law.

## VENUE

6. Venue is appropriate in the Western District of North Carolina pursuant to 28 U.S.C. § 1391.

## COVERAGE

7. At all times hereinafter mentioned, Defendants have been an enterprise within the meaning of Section 3(r) of the FLSA, 29 U.S.C. § 203(r).

8. At all times hereinafter mentioned, Defendants have been an enterprise engaged in commerce or in the production of goods for commerce within the meaning of Section 3(s)(1) of the FLSA, 29 U.S.C. § 203(s)(1), in that the enterprise has had employees engaged in commerce or in the production of goods for commerce, or employees handling, selling or otherwise working on goods or materials that have been moved in or produced for commerce by any person and in that the enterprise has had and has an annual gross volume of sales made or business done of not less than $500,000.

## FACTS

9. Within the last three years, Defendants have employed Plaintiff as a server at their Baku restaurant located at 4515 Sharon Road, Charlotte, North Carolina.

10. Plaintiff was not exempt from the minimum wage provisions of the FLSA.

11. Plaintiff worked as a tipped employee and was paid an hourly rate less than the full applicable federal minimum wage.

12. Defendants failed to inform Plaintiff of the provisions of the tip credit subsection of the FLSA.

13. Defendants failed to inform their other tipped employees of the provisions of the tip credit subsection of the FLSA.

14. Defendants required Plaintiff to share his tips with employees who do not customarily and regularly receive tips, including but not limited to sushi chefs and/or managers.

15. Defendants required their other servers to share their tips with employees who do not customarily and regularly receive tips, including but not limited to sushi chefs and/or managers.

16. Defendants required Plaintiff and other servers to pay, from their tips, for the loss of food sales incurred as a result of server error or walkouts. Specifically, if a server error resulted in a food item being prepared by the kitchen that a customer did not order, if a server dropped a menu item, or if a customer walked out without paying for a meal, Defendants required the sale price of that item to be paid from the cash tips that particular server has on hand at the time of the error. In the event that the server has no cash tips on hand at the time of the error, Defendants deduct the sale price of the item from the amount tipped to that employee through credit card sales.

17. Defendants required Plaintiff and other servers to pay, from their tips, for breakage of glassware, dishes, and decanters. Specifically, if a server error resulted in breakage Defendants required that item to be paid from the cash tips that particular server has on hand at the time of the breakage. In the event that the server has no cash tips on hand at the time of the

error, Defendants deduct the sale price of the item from the amount tipped to that employee through credit card sales.

18. Defendants' failure to comply with the terms of the minimum wage requirements of the FLSA regarding the taking of tip credit against minimum wages was a willful violation of the FLSA.

## COLLECTIVE ACTION FACTUAL ALLEGATIONS

19. Defendants employ servers at their Baku restaurant.

20. Plaintiff is similarly situated to other current and former servers employed at Baku in that they share similar titles, job duties, and compensation schemes, including the requirement that they share their tips with employees who do not customarily and regularly receive tips, including but not limited to sushi chefs and/or managers.

21. Plaintiff is similarly situated to other current and former servers employed at Baku in that they were not informed of the provisions of the tip-credit subsection of the FLSA.

22. Plaintiff is similarly situated to other current and former servers employed at Baku in that they were subject to Defendants' uniform policy and practice of requiring servers to utilize their tips to reimburse Defendants for customer walkouts, mistakes and breakage.

23. Pursuant to its policy and practice, Defendants failed to fully pay the federal minimum wage due to all current and former servers employed at Baku within the last three years ("Members of the Class") by: (a) failing to inform tipped employees of the provisions of the tip-credit subsection of the FLSA; (b) requiring servers to participate in unlawful tip pooling whereby the tipped employees had to share their tips with employees who do not customarily and regularly receive tips; and (c) requiring servers to pay for missing inventory, breakage, and the lost sales of food that resulted from server error and customer walkouts.

24. Application of the aforementioned policy and practice was not dependent on the personal circumstances of individual servers, but rather affected Plaintiff and all Members of the Class. Application of this policy or practice does not depend on the personal circumstances of the Plaintiff or those joining this lawsuit. Rather, the same policy or practice that resulted in the failure to pay the federal minimum wage applied to Plaintiff and all Members of the Class. Accordingly, the class is properly defined as:

**All current and former servers employed at Baku
within three years prior to the filing of this Complaint.**

25. Defendants knowingly, willfully, or with reckless disregard carried out their illegal pattern or practice of failing to fully compensate Plaintiff and the Members of the Class at the federal minimum wage.

## FAILURE TO PAY WAGES IN ACCORDANCE
## WITH THE FAIR LABOR STANDARDS ACT

26. During the relevant time period, Defendants have violated and are violating the provisions of 29 U.S.C. §206 by failing to comply with the minimum wage requirements of the FLSA regarding the utilization of a tip credit against minimum wages. Defendants have acted willfully in failing to pay Plaintiff and the Members of the Class in accordance with the law.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff, individually and on behalf of others similarly situated, demands:

a. An Order pursuant to Section 16(b) of the FLSA finding Defendants liable for unpaid back wages due to Plaintiff (and those who have joined in the suit), in addition to liquidated damages equal in amount to the unpaid compensation due to Plaintiff;

b. An Order awarding Plaintiff (and those who have joined in the suit) the costs of this action;

c. An Order awarding Plaintiff (and those who have joined in the suit) his attorney's fees;

d. An Order awarding Plaintiff (and those who have joined in the suit) pre- and post-judgment interest at the highest rates allowed by law;

e. A Declaration and finding by the Court that Defendants willfully violated provisions of the FLSA by failing to comply with the minimum wage requirements of the FLSA regarding the utilization of a tip credit against minimum wages; and

f. An Order granting such other and further relief as may be necessary and appropriate.

## JURY DEMAND

Plaintiff hereby demands a trial by jury on all issues so triable.

Dated: November 20, 2017                                         Respectfully Submitted,

/s/ *Philip J. Gibbons, Jr.*
Philip J. Gibbons, Jr. Bar No. 50276
STEPHAN ZOURAS, LLP
15720 Brixham Hill Ave., Suite 331
Charlotte, NC 28277
(704) 612-0038
pgibbons@stephanzouras.com

James B. Zouras
STEPHAN ZOURAS, LLP
205 North Michigan Avenue, Suite 2560
Chicago, Illinois 60601
(312) 233-1550
jzouras@stephanzouras.com

*Counsel for Plaintiff*